UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT FLORIDA
WEST PALM BEACH DIVISION

In re:   Cesar A. Elibo                                                Case No. 10-37591-BKC-EPK
                                                                       Chapter

_____Debtor_____/

## MEMORANDUM OF LAW IN SUPPORT OF THE DEBTOR'S MOTION TO PERMIT RELIEF UNDER 11 U.S.C. §1322 (B)(2) AND (B)(5) CONJUNCTIVELY.

**NOW COMES THE DEBTOR,** Cesar A. Elibo**,** through his undersigned counsel, who respectfully submits this memorandum of law in support of the Debtor's motion to extend the mortgage payments as set in the plan beyond the termination of the Chapter 13 plan as provided in § 1322 (b)(5) subsequent to the bifurcation of the mortgage debt as provided in § 1322 (b)(2).

## I. SUMMARY OF THE ARGUMENT.

The Debtor in the instant case sought bankruptcy protection, which included *inter alia* modification of the mortgage of non-homestead real property located in West Palm Beach, Florida. The Debtor sought specific relief under § 1322 (b)(2) to bifurcate the mortgage debt into secured and unsecured debt, an agreed order was entered granting said relief (Docket No. 45). The Debtor sought further to "cure and maintain" the secured debt beyond the term of the Chapter 13 plan as provided in § 1322 (b)(5). The Debtor sought this combined relief under a theory that the Statute permits both forms of relief to be granted conjunctively based on the construction of § 1322(b) as well as prevailing case law. The creditor has objected under a theory that § 1322 (b)(2) and (b)(5) are mutually exclusive; and as § 1322 (b)(2) was granted in the instant case, it is the Creditor's position that the Debtor cannot now be availed the protection of § 1322 (b)(5).

## II. SUMMARY OF PERTINENT FACTS.

The Debtor, Cesar A. Elibo, filed for Chapter 13 Bankruptcy on September 15, 2010. In the plan, the Debtor sought and received relief under § 1322 (b)(2) to bifurcate the mortgage on non-homestead investment property of the property into secured and unsecured parts. The debtor is now further seeking relief under § 1322 (b)(5) to "cure and maintain" the secured portion of the mortgage beyond the time limits of the bankruptcy plan. While the bifurcation was permitted and uncontested by the Creditor, the Creditor has objected to permitting the newly reduced secured portion's payments to be allowed to extend beyond the plan's termination.

## III. ARGUMENT.

### Relief under § 1322 (b)(2) and (b)(5) are not mutually exclusive, and can be granted by the Court in tandem.

In the instant case, two parts of 11 U.S.C. §1322 are under consideration: §1322 (b)(2) and (b)(5). In (b)(2), the code permits a plan to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." This includes the bifurcation of the secured claim into a "secured claim" equal to the secured interest in the property and the balance being deemed an "unsecured claim", pursuant to §560(a). Section (b)(5) allows a plan to cure a default by allowing a debtor's plan payments to continue beyond the life of the Chapter 13 plan.

In their objection, Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2006-AR29, Mortgage Pass-Through Certificates, Series 2006-AR29 under the Pooling and Servicing Agreement dated September 1, 2006, its Successors and/or Assigns (hereinafter "Secured Creditor") have not contested the ability of the debtor to be granted relief under (b)(5) or (b)(1) individually (stating that the statute lists them as

"alternatives", which the Debtor disputes), but has claimed that they cannot be both granted and used by the Debtor in tandem. See ¶ 6 of Secured Creditor's Objection to confirmation to plan (Docket No.45). This argument is simply flawed and contrary to the plain language of the statue.

In <u>Federal National Mortgage Assn., v. Ferreira, 223</u>, 223 B.R. 258 (DRI 1998), the court addressed the issue squarely: The plain language of the statute is conjunctive in construction, and specifically allows § 1322 (b)(1) – (10) to be used in conjunction with each other as demonstrated by the use of the conjunction "and" linking all of the provisions in the section.

Furthermore, Secured Creditor's interpretation of the Statute is on point with the creditor's interpretation in <u>Ferreira</u> and in that case the Court noted that this misinterpretation of the Statute would, as a practical matter, would prevent under secured debtors from seeking relief from §(b)(2) or (5) since (b)(2), alone, would be rarely practical since the full secured balance would have to be paid in the life of the plan, and (b)(5) would be equally unenticing since the unsecured debt would non-dischargeable.

And while the <u>Ferreira</u> decision is clear and very on point with the instant case, its hardly the first case to fall squarely with the Debtor's interpretation of the statute. <u>In Re Kheng</u>, 202 B.R. 538 (DRI 1996); <u>Brown v. Sherwood Financial, Inc.</u>, 175 B.R. 129 (D. Mass. 1994); <u>In Re Murphy</u>, 175 B.R. 134 (D. Mass. 1994) are a sample of just a few of the cases which conclude that § 1322 (b)(2) and (b)(5) are NOT mutually exclusive.

Moreover, in a 2010 decision in <u>In Re Jerrils</u> (Case Number 09-23346-BKC-PGH, US Bankruptcy Court, S.D. Florida, Jan. 13, 2010) upheld <u>Ferreria</u> and it's progeny in a matter on point with the instant case.

In their objection, Secured Creditor claims that <u>Ferreira</u> at 261-262 stated that § 1322

(b)(5) is applicable only when the arrearage is cured in full within the plan and contractual obligations are maintained beyond the plan.  This is not what the Court held, but instead what the Creditor's position was in the matter, and the Court disagreed with that very position stating that was not the legislative intent of the statute. *Ferreira,* supra at 261-262.  *Ferreira,* furthermore in dicta, stated that provisions of a plan can extend beyond 5 years, in deference to § 1322(d), which is something that Secured Creditor states is not permissible or possible.

### IV. CONCLUSION.

The totality of the objection by Secured Creditor hinges on repeated restatements of the same two issues: 1) That §1322(b)(2) and (b)(5) are mutually exclusive, and; 2) That the only way that a Debtor can extend the plan beyond the limits is by curing the arrears during the plan. The first issues of the provision of §1322(b) being mutually exclusive is unfounded since the construction of the statute itself links the provisions – including (b)(2) and (b)(5) with the conjunction "and", and that this Court had already agreed with the holdings in *Ferreira* and it's progeny in *In Re Jerrils* which support the position of the Debtor.  Also, while the statute does place a limit of 5 years on the plan, there is amply exceptions to the 5-year rule, and this includes §1322(b)(5) as in *Jerrils.*

Accordingly, the Bankruptcy Court has the authority to grant relief under §1322 (b)(2) and (b)(5) in tandem, and the objection to this by Secured Creditor should be denied.

I hereby certify that I am admitted to the Bar of the United States district court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A)

**I HEREBY CERTIFY,** that a copy of this document was electronically filed with the Court using CM/ECF system, which sends notification to all parties of interest participating in the CM/ECF system.

                                      Respectfully Submitted,

                                      _____/S/_____
                                      Mario German, J.D.
                                      Mario D. German Law Center, P.A.
                                      55 NE Fifth Avenue, Ste. 501
                                      Boca Raton, FL  33432
                                      PX (561) 417-4993
                                      FAX (561) 910-9987
                                      E-Mail:  mdgbkcnotices@gmail.com

The following will be electronically notify:

      Robin Weiner                  ecf@ch13weiner.com;ecf2@ch13weiner.com

      Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov

                                                /s/
                                      MARIO D. GERMAN, J.D.
                                      FBN.:   949371